IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK CONDON, County Attorney; CHRISTOPHER SIEFERT, County Attorney; and CAROL WOLF, Lancaster County Mail Room Clerk;<br><br>Defendants. | 8:22CV388<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Austin Edward Lightfeather's correspondence at Filing No. 9, Filing No. 10, and Filing No. 11, which the Court construes as responses to the Court's January 19, 2023, Memorandum and Order (the "Order to Show Cause") requiring Lightfeather to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action, *see* Filing No. 8. The Court has previously determined that three or more federal court cases brought by Lightfeather, while a prisoner, were dismissed as frivolous or for failure to state a claim. *See, e.g., Lightfeather v. McSwine*, No. 8:22-cv-00238-JFB-PRSE (D. Neb.) (Filing No. 11, finding Plaintiff has "three strikes" and dismissing complaint pursuant to 28 U.S.C. §1915(g)). Previous cases brought by Lightfeather that were dismissed include:

- *Lightfeather v. Prey et al*, No. 8:21-cv-00211-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 16, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on April 8, 2022, after Plaintiff failed to amend complaint);

- *Lightfeather v. Green et al*, No. 8:21-cv-00208-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 12, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. Ricketts et al*, No. 8:21-cv-00165-RGK-PRSE (D. Neb.) (Filing Nos. 12 & 14, finding Plaintiff's complaint failed to state a claim for relief and dismissing case on October 7, 2021, after Plaintiff failed to amend complaint);

- *Lightfeather v. City of Lincoln*, No. 4:20-cv-03118-RGK-PRSE (D. Neb.) (Filing Nos. 112 & 113, May 24, 2021 Memorandum and Order and Judgment dismissing Plaintiff's second amended complaint for failure to state a claim and for being frivolous);

- *Lightfeather v. Beatrice Sun Times, et al*, No. 8:21-cv-00114-RGK-PRSE (D. Neb.) (Filing Nos. 14 & 15, May 19, 2021 Memorandum and Order and Judgment dismissing Plaintiff's complaint as frivolous).

Under section 1915 of the Prison Litigation Reform Act ("PLRA"), prisoners who are granted IFP status must still pay a filing fee but may do so in installments. However, the PLRA also has a provision known as the "three strikes rule" that limits the availability of IFP to prisoners who have filed at least three prior lawsuits that were dismissed as frivolous, malicious or for failure to state a claim. 28 U.S.C. § 1915(g). The PLRA prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. *Id.*

Lightfeather does not address the Court's Order to Show Cause in his correspondence at Filing No. 9 and Filing No. 10. Both documents reference limitations on the number of pages Lightfeather can mail at a single time and do not make any

argument that he is under imminent danger of serious injury. See Filing No. 9 at 1; Filing No. 10 at 1-2. In Filing No. 11, Lightfeather again references the limitations on mailing and argues his claims in this case and others pending have merit. See Filing No. 11 at 2-4. None of these assertions provide a legal basis to exclude Lightfeather from the three strikes provision of the PLRA.

Lightfeather also lists some of his previous and current cases and asserts that he has been subject to physical abuse, excessive use of force, and conspiracy. See Filing No. 11 at 5. However, he makes no allegation that is he currently in imminent danger, and allegations of past danger would not qualify as a threat of imminent danger under the plain language of § 1915(g). Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan."); see also Gills v. Frakes, No. 4:21CV3004, 2021 WL 1575767, at *1 (D. Neb. Apr. 22, 2021) (noting that speculation about the mere possibility of danger is insufficient for purposes of § 1915(g)).

In sum, the Court has considered Lightfeather's responses to the Order to Show Cause, the Complaint, and his other filings and finds his allegations do not support a finding that Lightfeather is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Lightfeather's past circumstances, while unfortunate, do not rise to the level of imminent danger of serious physical injury. Moreover, his Complaint alleges no threat of imminent harm. Because Lightfeather has "three strikes" and is not facing or alleging imminent danger of serious physical injury, he is not eligible for IFP status. Lightfeather

has not paid the $402.00 filing and administrative fees, and, thus, the Court will dismiss this matter without prejudice.

IT IS THEREFORE ORDERED that:

1. Lightfeather's Motion for Leave to Proceed in Forma Pauperis, Filing No. 5, is denied.

2. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

3. Any notice of appeal filed by Lightfeather must be accompanied by the $505.00 appellate filing fee because Lightfeather will not be allowed to proceed in forma pauperis on appeal.

Dated this 19th day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4